APPEAL,CLOSED,JURY,PROSE−NP,TYPE−H

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:22−cv−02717−BAH
## *Internal Use Only*

| | |
|---|---|
| ABBOTT v. ROUNDS | Date Filed: 08/22/2022 |
| Assigned to: Judge Beryl A. Howell | Date Terminated: 07/22/2025 |
| Demand: $300,000 | Jury Demand: Plaintiff |
| Case in other court:  USCA, 25−05337 | Nature of Suit: 442 Civil Rights: Jobs |
| Cause: 42:2000e Job Discrimination (Employment) | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

ELAINE ABBOTT     represented by     **ELAINE ABBOTT**
Email: discriminationlawsuitvoge@protonmail.com
PRO SE

**Yveline Litha Dalmacy**
DALMACY LAW, PLLC
1717 N Street NW
Suite 1
Washington, DC 20036
516−591−4411
Email: dalmacylaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**EMORY A. ROUNDS**     represented by     **L'Shauntee J. Robertson**
*Director United States Office of Governments Ethics in his official capacity*
*TERMINATED: 09/08/2023*

DOJ−USAO
601 D Street NW
Suite 7.731
Washington, DC 20530
(202) 252−1729
Fax: (202) 252−2599
Email: lshauntee.robertson@usdoj.gov
*TERMINATED: 06/07/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHELLEY FINLAYSON**     represented by     **Dimitar Georgiev−Remmel**
*Acting Director United States Office of Government Ethics, in her official capacity.*

DOJ−USAO
Civil Division
601 D Street NW
Washington, DC 20530
202−252−7678

Email: dimitar.georgiev−remmel@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**L'Shauntee J. Robertson**
(See above for address)
*TERMINATED: 06/07/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/22/2022 | 1 | COMPLAINT against EMORY A. ROUNDS ( Filing fee $ 402, receipt number 202992) with Jury Demand filed by ELAINE ABBOTT. (Attachment: # 1 Civil Cover Sheet)(zed) (Entered: 09/12/2022) |
| 08/22/2022 | 2 | MOTION for CM/ECF Password by ELAINE ABBOTT. (zed) (Entered: 09/12/2022) |
| 09/12/2022 | | SUMMONS Not Issued as to EMORY A. ROUNDS (zed) (Entered: 09/12/2022) |
| 09/13/2022 | 3 | STANDING ORDER. Signed by Chief Judge Beryl A. Howell on September 13, 2022. (lcbah3) (Entered: 09/13/2022) |
| 09/13/2022 | | MINUTE ORDER (paperless) GRANTING, upon consideration of plaintiff's representations and compliance with D.D.C. LCvR 5.4(b)(2), plaintiff's 2 Motion for CM/ECF User Name and Password. Signed by Chief Judge Beryl A. Howell on September 13, 2022. (lcbah3) (Entered: 09/13/2022) |
| 09/14/2022 | | MINUTE ORDER (paperless) DIRECTING, by October 12, 2022, plaintiff to perfect the filing of the 1 Complaint either (1) by refiling the Complaint to include her full residential address and phone number, or (2) by filing under seal a notice containing her full address and phone number. *See* LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. If the party does not wish to appear on the public docket, it shall omit the address and simultaneously file under seal a notice containing its full address, which notice shall be available only to the Court and the opposing party. If the party is appearing *pro se*, the caption shall also include the party's telephone number, unless the *pro se* party wishes to include that in its sealed filing."); and CAUTIONING plaintiff that "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant." *Id.* Signed by Chief Judge Beryl A. Howell on September 14, 2022. (lcbah3) (Entered: 09/14/2022) |
| 09/19/2022 | 4 | SEALED DOCUMENT filed by ELAINE ABBOTT. re Order. (This document is SEALED and only available to authorized persons.)(zed) (Entered: 09/20/2022) |
| 09/28/2022 | | MINUTE ORDER (paperless) DIRECTING plaintiff to file a summons, for which a form can be found on the Court's website, as to EMORY A. ROUNDS pursuant to Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.... A summons−−or a copy of a summons that is addressed to multiple defendants−−must be issued for each defendant to be served."). Signed by Chief Judge Beryl A. Howell on September 28, 2022. (lcbah3) (Entered: 09/28/2022) |
| 11/14/2022 | 5 | |

| | | |
|---|---|---|
| | | SUMMONS (3) Issued Electronically as to EMORY A. ROUNDS, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zsl) (Entered: 11/14/2022) |
| 12/14/2022 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. EMORY A. ROUNDS served on 11/21/2022 (Abbott, Elaine) (Entered: 12/14/2022) |
| 12/14/2022 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 11/21/2022. (Abbott, Elaine) (Entered: 12/14/2022) |
| 12/14/2022 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 11/21/2022. Answer due for ALL FEDERAL DEFENDANTS by 1/20/2023. (Abbott, Elaine) (Entered: 12/14/2022) |
| 01/12/2023 | 9 | NOTICE of Appearance by L'Shauntee J. Robertson on behalf of All Defendants (Robertson, L'Shauntee) (Entered: 01/12/2023) |
| 01/20/2023 | 10 | MOTION for Extension of Time to File Response/Reply by EMORY A. ROUNDS. (Robertson, L'Shauntee) (Entered: 01/20/2023) |
| 01/23/2023 | | MINUTE ORDER (paperless) GRANTING defendant's 10 Consent Motion for Extension of Time to File Responsive Pleading, and DIRECTING defendant to answer or otherwise respond to plaintiff's 1 Complaint by March 20, 2023. Signed by Chief Judge Beryl A. Howell on January 23, 2023. (lcbah3) (Entered: 01/23/2023) |
| 01/24/2023 | | Set/Reset Deadlines: Answer to the Complaint due by 3/20/2023. (ztg) (Entered: 01/24/2023) |
| 03/20/2023 | 11 | Second MOTION for Extension of Time to File Response/Reply by EMORY A. ROUNDS. (Robertson, L'Shauntee) (Entered: 03/20/2023) |
| 03/21/2023 | | MINUTE ORDER (paperless) GRANTING defendant's 11 Second Motion for Extension of Time to File Responsive Pleading and DIRECTING defendant to answer or otherwise respond to plaintiff's 1 Complaint by March 23, 2023. Signed by Judge Beryl A. Howell on March 21, 2023. (lcbah3) (Entered: 03/21/2023) |
| 03/22/2023 | | Set/Reset Deadlines: Answer to the Complaint due by 3/23/2023. (ztg) (Entered: 03/22/2023) |
| 03/23/2023 | 12 | ANSWER to 1 Complaint by EMORY A. ROUNDS.(Robertson, L'Shauntee) (Entered: 03/23/2023) |
| 04/24/2023 | 13 | MEET AND CONFER STATEMENT. (Robertson, L'Shauntee) (Entered: 04/24/2023) |
| 04/24/2023 | | MINUTE ORDER (paperless), upon consideration of the schedule proposed in the parties' 13 Joint Meet and Confer Statement, ISSUING the following SCHEDULING ORDER:<br>1. By Wednesday, May 24, 2023, the parties shall provide their initial disclosures;<br>2. By Friday, September 8, 2023, any other parties shall be joined and any required motion to amend any pleading made;<br>3. By Monday, October 23, 2023, discovery shall close, which discovery shall have the following limits: 25 interrogatories per party and 10 depositions per side, and the parties shall submit a joint status report advising the Court whether (a) they request a stay of proceedings and referral to mediation for some period; or (b) they anticipate the |

3

| | | |
|---|---|---|
| | | filing of dispositive motions; and<br>4. By Friday, December 22, 2023, any dispositive motions shall be filed, with any oppositions due by Tuesday, February 20, 2024, and replies due by Thursday, March 21, 2024. Signed by Judge Beryl A. Howell on April 24, 2023. (lcbah3) (Entered: 04/24/2023) |
| 04/25/2023 | | Set/Reset Deadlines: Initial disclosures due by 5/24/2023; Amended Pleadings/joinder of parties due by 9/8/2023; Discovery due by 10/23/2023 (see Order for details);. dispositive motions due by 12/22/2023, oppositions due by 2/20/2024, replies due by 3/21/2024. (ztg) (Entered: 04/25/2023) |
| 05/24/2023 | 14 | RULE 26a1 STATEMENT. (Robertson, L'Shauntee) (Entered: 05/24/2023) |
| 05/24/2023 | 15 | RULE 26a1 STATEMENT. (ABBOTT, ELAINE) (Entered: 05/24/2023) |
| 09/08/2023 | 16 | AMENDED COMPLAINT against ELAINE ABBOTT with Jury Demand filed by ELAINE ABBOTT. (Attachments: # 1 Exhibit Red−Line Draft)(ABBOTT, ELAINE) (Entered: 09/08/2023) |
| 09/21/2023 | | MINUTE ORDER (paperless) DIRECTING defendant, upon consideration of plaintiff's 16 Amended Complaint and the Court's April 24, 2023 Scheduling Order, allowing parties to file any motion to amend any pleading by September 8, 2023, to provide notice to the Court, by September 27, 2023, as to whether it consents to plaintiff filing an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) (allowing party to amend with opposing party's written consent or the court's leave). Signed by Judge Beryl A. Howell on September 21, 2023. (lcbah1) (Entered: 09/21/2023) |
| 09/22/2023 | | Set/Reset Deadlines: Parties Notice To The Court due by 9/27/2023. (mac) (Entered: 09/22/2023) |
| 09/27/2023 | 17 | NOTICE *IN RESPONSE TO COURT ORDER* by SHELLEY FINLAYSON (Robertson, L'Shauntee) (Entered: 09/27/2023) |
| 09/29/2023 | | MINUTE ORDER (paperless) MODIFYING, upon consideration of plaintiff's 16 Amended Complaint and defendant's 17 Notice in Response to Court Order, the SCHEDULING ORDER issued on April 24, 2023, as follows:<br>1. By Monday, October 9, 2023, the defendant shall file its answer to plaintiff's amended complaint;<br>2. By Friday, November 24, 2023, discovery shall close, which discovery shall have the following limits: 25 interrogatories per party and 10 depositions per side, and the parties shall submit a joint status report advising the Court whether (a) they request a stay of proceedings and referral to mediation for some period; or (b) they anticipate the filing of dispositive motions; and<br>3. By Monday, January 22, 2024, any dispositive motions shall be filed, with any oppositions due by Monday, February 26, 2024, and replies due by Monday, March 25, 2024.<br>Signed by Judge Beryl A. Howell on September 29, 2023. (lcbah1) (Entered: 09/29/2023) |
| 09/29/2023 | | Set/Reset Deadlines: Defendant Answer To Plaintiff's Amended Complaint due by 10/9/2023, Discovery To Close by 11/24/2023. Dispositive Motions due by 1/22/2024. Oppositions due by 2/26/2024. Replies due by 3/25/2024. (mac) (Entered: 09/29/2023) |
| 10/10/2023 | 18 | ANSWER to 16 Amended Complaint by SHELLEY FINLAYSON.(Robertson, L'Shauntee) (Entered: 10/10/2023) |

| | | |
|---|---|---|
| 11/24/2023 | 19 | Joint STATUS REPORT *and Motion to Extend* by SHELLEY FINLAYSON. (Robertson, L'Shauntee) (Entered: 11/24/2023) |
| 11/24/2023 | 20 | Joint MOTION for Extension of Time to Complete Discovery *; and Joint Status Report* by SHELLEY FINLAYSON. (Robertson, L'Shauntee) (Entered: 11/24/2023) |
| 11/27/2023 | | MINUTE ORDER (paperless) GRANTING the parties' 20 Joint Motion for Extension of Time to Complete Discovery, and MODIFYING the SCHEDULING ORDER issued on April 24, 2023, as follows:<br><br>1. By January 24, 2024, discovery shall close, which discovery shall have the following limits: 25 interrogatories per party and 10 depositions per side, and the parties shall submit a joint status report advising the Court whether (a) they request a stay of proceedings and referral to mediation for some period; or (b) they anticipate the filing of dispositive motions; and<br><br>2. By March 22, 2024, any dispositive motions shall be filed, with any oppositions due by April 26, 2024, and replies due by May 24, 2024. Signed by Judge Beryl A. Howell on November 27, 2023. (lcbah1) (Entered: 11/27/2023) |
| 11/28/2023 | | Set/Reset Deadlines: Discovery To Close by 1/24/2024. Dispositive Motions due by 3/22/2024. Oppositions due by 4/26/2024. Replies due by 5/24/2024. (mac) (Entered: 11/28/2023) |
| 01/04/2024 | 21 | MOTION for Protective Order by SHELLEY FINLAYSON. (Attachments: # 1 Text of Proposed Order Privacy Protective Order)(Robertson, L'Shauntee) (Entered: 01/04/2024) |
| 01/04/2024 | | MINUTE ORDER (paperless) DIRECTING that, by January 8, 2024, plaintiff submit to the Court any objections to defendant's 21 Motion for Protective Order, entry of which protective order may facilitate the progress of discovery in this case. Signed by Judge Beryl A. Howell on January 4, 2024. (lcbah1) (Entered: 01/04/2024) |
| 01/08/2024 | | Set/Reset Deadlines: Plaintiff Submission To The Court due by 1/8/2024. (mac) (Entered: 01/08/2024) |
| 01/08/2024 | 22 | RESPONSE TO ORDER OF THE COURT re Order, filed by ELAINE ABBOTT. (Attachments: # 1 Text of Proposed Order Protective Order)(ABBOTT, ELAINE) (Entered: 01/08/2024) |
| 01/10/2024 | | MINUTE ORDER (paperless) upon consideration of defendant's 21 Motion for Protective Order, and plaintiff's 22 Response, DIRECTING the parties to meet and confer and to file, by January 19, 2024, a joint Proposed Protective Order. If the parties fail to reach an agreement, they are DIRECTED to file, by January 19, 2024, a joint status report, identifying the specific disputed language in the Protective Order and explaining the parties' respective positions. Signed by Judge Beryl A. Howell on January 10, 2024. (lcbah1) (Entered: 01/10/2024) |
| 01/11/2024 | | Set/Reset Deadlines: Joint Proposed Protective Order or Joint Status Report due by 1/19/2024 (mac) (Entered: 01/11/2024) |
| 01/19/2024 | 23 | STATUS REPORT by SHELLEY FINLAYSON. (Attachments: # 1 Appendix A (Defendants Draft Joint Protective Order with Plaintiff's redlined revisions and commentar), # 2 Appendix B (Plaintiffs Objections and Proposed Provisions))(Robertson, L'Shauntee) (Entered: 01/19/2024) |

| | | |
|---|---|---|
| 01/19/2024 | 24 | STATUS REPORT by ELAINE ABBOTT. (Attachments: # 1 Appendix Plaintiff's Appendix A, # 2 Appendix Appendix B − Red Line Changes, # 3 Appendix Appendix B1 − Red Line Changes)(ABBOTT, ELAINE) (Entered: 01/19/2024) |
| 02/06/2024 | | MINUTE ORDER (paperless) GRANTING, upon consideration of defendant's 21 Motion for Protective Order and 23 Status Report and plaintiff's 22 Response and 24 Status Report, defendant's 21 Motion for Protective Order.<br><br>Federal Rule of Civil Procedure 26(b) allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(c), a judge may, "for good cause," issue a protective order limiting, *inter alia*, the parties' ability to disseminate information discovered during litigation "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Trial courts have "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Standing Rock Sioux Tribe v. U.S. Army Corps. of Eng'rs*, 249 F. Supp. 3d 516, 520 (D.D.C. 2017) (alteration in original accepted) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). In making such decision, "courts balance the burdensomeness to the moving party against the requestor's need for, and relevance of the information sought," and "may also consider a variety of other factors, including the harm which disclosure would cause to the party seeking to protect the information." *Gilliard v. McWilliams*, 315 F. Supp. 3d 402, 409 (D.D.C. 2018) (citations omitted). Here, the parties agree that a protective order for discovery is appropriate and agree to many of its terms. Plaintiff objects to only three paragraphs of defendant's proposed protective order ("proposed PO"). Plaintiff's objections are OVERRULED.<br><br>Plaintiff objects to paragraphs 8, 11, and 18 of the proposed PO. Paragraph 8 prohibits the disclosure of "protected material" except to five standard categories of individuals: (1) the parties' current and former employees; (2) the parties' attorneys and those "regularly employed in or by such attorneys' offices"; (3) deposition and trial witnesses; (4) expert witnesses or consultants; and (5) "other persons as reasonably necessary for the preparation, trial, appeal or settlement of the case identified herein." 24 Pl.'s Status Rep. at 1. Paragraph 11 provides that if "protected material" is disclosed to any person other than the parties or their attorneys, such person must "be advised by the attorney making the disclosure that pursuant to this Protective Order such person may not divulge any such Protected Material to any other person not authorized under Paragraph 8" and must certify as such in writing. *Id.* at 5. Paragraph 18 provides that if "protected material" is disclosed to an unauthorized person, "the Party responsible for having made or allowed such disclosure... must immediately inform [the] Party whose Protected Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure" and "must also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosures of the Protected Material is made by anyone." *Id.* at 6.<br><br>Plaintiff does not object to the idea animating each paragraph but seeks to impose additional limitations, including but not limited to, (1) requiring all recipients of "confidential information" to sign a "Binding Confidential Agreement"; (2) forbidding any discovery produced by plaintiff to be shared with the individuals alleged to have discriminated against plaintiff, even if they are witnesses, in this action; (3) prohibiting defendant from "using shared printer/copier/scanner office equipment and/or other shared electronic devices and media to access and handle the Plaintiff's confidential |

| | | |
|---|---|---|
| | | information"; and (4) requiring court intervention if confidential information is disclosed to an unauthorized individual. *Id.* at 2−6. These restrictions are impracticable and unduly burdensome. Defendant's proposed provisions are standard PO provisions that sufficiently protect the privacy interests at stake, while recognizing the realities of litigation and the accompanying need to exchange information through broad discovery to ensure that both sides have all the information necessary for their claims or defenses and are adequately prepared.<br><br>Accordingly, defendant's Motion for a Protective Order is granted. A protective order will be entered separately.<br><br>Signed by Judge Beryl A. Howell on February 6, 2024. (lcbah1) (Entered: 02/06/2024) |
| 02/06/2024 | 25 | PROTECTIVE ORDER. Signed by Judge Beryl A. Howell on February 6, 2024. (lcbah1) (Entered: 02/06/2024) |
| 02/12/2024 | 26 | MOTION to Modify *Scheduling Order* by ELAINE ABBOTT. (ABBOTT, ELAINE) (Entered: 02/12/2024) |
| 02/13/2024 | | MINUTE ORDER (paperless) DIRECTING defendant, by February 15, 2024, to provide its position on plaintiff's 26 Motion to Modify Scheduling Order, and specifically address whether plaintiff has accurately captured defendant's position that defendant "agree[s] to a 30−day period for the Parties to update and comport Discovery responses," "but opposes modifying the Court's Scheduling Order to account for that adjustment," *see* 26 Pl.'s Mot. to Modify at 2, in light of the fact that this would mean that plaintiff would not finish producing discovery until March 12, 2024−−less than two weeks before dispositive motions are due, *see* Min. Order (Nov. 27, 2023). Signed by Judge Beryl A. Howell on February 13, 2024. (lcbah1) (Entered: 02/13/2024) |
| 02/14/2024 | | Set/Reset Deadlines: Defendant Position On Plaintiff's 26 Motion To Modify Scheduling Order due by 2/15/2024. (mac) (Entered: 02/14/2024) |
| 02/15/2024 | 27 | RESPONSE TO ORDER OF THE COURT by SHELLEY FINLAYSON re Order, (Attachments: # 1 Exhibit 1)(Robertson, L'Shauntee) Modified event on 2/15/2024 (mg). (Entered: 02/15/2024) |
| 02/15/2024 | | MINUTE ORDER (paperless) GRANTING IN PART plaintiff's 26 Motion to Modify Scheduling Order, and MODIFYING the Scheduling Order issued on November 27, 2023, as follows:<br><br>1. By January 24, 2024, discovery shall close, which discovery shall have the following limits: 25 interrogatories per party and 10 depositions per side;<br><br>2. By March 13, 2024, the parties shall provide any supplemental responses to currently existing discovery requests, in light of the Court's 25 Protective Order; *see also* Min. Order (Feb. 6, 2024); and the parties shall submit a joint status report advising the Court whether (a) they request a stay of proceedings and referral to mediation for some period; or (b) they anticipate the filing of dispositive motions; and<br><br>3. By April 12, 2024, any dispositive motions shall be filed, with any oppositions due by May 13, 2024, and replies due by June 13, 2024.<br><br>Signed by Judge Beryl A. Howell on February 15, 2024. (lcbah1) (Entered: 02/15/2024) |

| | | |
|---|---|---|
| 02/16/2024 | | Set/Reset Deadlines: Discovery To Close by 1/24/2024. Parties Supplemental Memorandum due by 3/13/2024. Dispositive Motions due by 4/12/2024. Oppositions due by 5/13/2024. Replies due by 6/13/2024. (mac) (Entered: 02/16/2024) |
| 03/13/2024 | 28 | STATUS REPORT by ELAINE ABBOTT. (ABBOTT, ELAINE) (Entered: 03/13/2024) |
| 03/14/2024 | | MINUTE ORDER (paperless) upon consideration of plaintiff's timely 28 Status Report, which requests "a stay of the proceedings and referral to mediation," DIRECTING defendant, by March 18, 2024, to provide its position on a stay for referral to mediation, which position is belated, *see* Min. Order (Feb. 15, 2024) (directing the parties to submit a joint status report by March 13, 2024). Signed by Judge Beryl A. Howell on March 14, 2024. (lcbah1) (Entered: 03/14/2024) |
| 03/15/2024 | | Set/Reset Deadlines: Defendant Position On A Stay For Referral To Mediation due by 3/18/2024. (mac) (Entered: 03/15/2024) |
| 03/15/2024 | 29 | NOTICE *re 03/14/2024MINUTE ORDER* by SHELLEY FINLAYSON re Order, (Robertson, L'Shauntee) (Entered: 03/15/2024) |
| 03/15/2024 | | MINUTE ORDER (paperless) upon consideration of plaintiff's 28 Status Report, requesting a stay for referral to mediation, and defendant's 29 Notice, opposing such stay based, in part, on plaintiff's failure to communicate her "settlement position" or any "clear settlement proposal" to defendant, STAYING this matter for referral to mediation, VACATING the deadline for dispositive motions set out in the Court's February 15, 2024 Minute Order, and DIRECTING the parties to file, by May 15, 2024, a joint status report, apprising the Court of the status of mediation, whether any disputes remain between the parties and, if so, proposing a schedule to govern further proceedings. An order of appointment of counsel for pro se plaintiff for the limited purpose of mediation and referral to the Mediation Program will be entered separately. Signed by Judge Beryl A. Howell on March 15, 2024. (lcbah1) (Entered: 03/15/2024) |
| 03/15/2024 | 30 | ORDER REFERRING CASE to Mediation and APPOINTING Counsel for the Limited Purpose of Mediation. Signed by Judge Beryl A. Howell on March 15, 2024. (lcbah1) (Entered: 03/15/2024) |
| 05/12/2024 | 31 | NOTICE OF ACKNOWLEDGMENT OF APPOINTMENT OF COUNSEL FOR THE LIMITED PURPOSE OF MEDIATION by ELAINE ABBOTT (ABBOTT, ELAINE) (Entered: 05/12/2024) |
| 05/15/2024 | 32 | Joint STATUS REPORT by SHELLEY FINLAYSON. (Robertson, L'Shauntee) (Entered: 05/15/2024) |
| 05/16/2024 | | MINUTE ORDER (paperless) EXTENDING, upon consideration of the parties' 32 Joint Status Report, the stay of all proceedings in this matter other than mediation until July 15, 2024; DIRECTING the parties to file, by July 15, 2024, a joint status report advising the Court whether the stay should be extended for continuation of mediation, or proposing a schedule for further proceedings in this matter; and DIRECTING plaintiff to provide to defendant, by May 23, 2024, the discovery responses she first attempted to provide to defendant on March 15, 2024, which discovery responses plaintiff has offered "to... re−send" in light of defendant's representation that she has "still not received" them, *see* 32 Joint Status Report at 2−3. Signed by Judge Beryl A. Howell on May 16, 2024. (lcbah1) (Entered: 05/16/2024) |
| 05/16/2024 | 33 | |

8

| | | |
|---|---|---|
| | | NOTICE of Appearance by Yveline Litha Dalmacy on behalf of ELAINE ABBOTT (Dalmacy, Yveline) Modified docket text on 5/17/2024 (mg). (Entered: 05/16/2024) |
| 05/20/2024 | | Set/Reset Deadlines: Parties Joint Status Report due by 7/15/2024 (mac) (Entered: 05/20/2024) |
| 07/15/2024 | 34 | Joint STATUS REPORT by SHELLEY FINLAYSON. (Robertson, L'Shauntee) (Entered: 07/15/2024) |
| 07/15/2024 | | MINUTE ORDER (paperless) upon consideration of the parties' 34 Joint Status Report, LIFTING the stay of this matter, and ISSUING the following SCHEDULING ORDER: (1) by September 6, 2024, defendant shall file any motion for summary judgment; (2) by October 4, 2024, plaintiff shall file any opposition and cross−motion for summary judgment; (3) by October 18, 2024, defendant shall file any reply and opposition to plaintiff's cross−motion; and (4) by November 1, 2024, plaintiff shall file any reply in support of the cross−motion. Signed by Judge Beryl A. Howell on July 15, 2024. (lcbah1) (Entered: 07/15/2024) |
| 07/16/2024 | | Set/Reset Deadlines: Defendant Motion For Summary Judgment due by 9/6/2024. Plaintiff Opposition And Cross−Motion For Summary Judgment due by 10/4/2024. Defendant Reply And Opposition To Plaintiff's Cross−Motion due by 10/18/2024. Plaintiff Reply In Support Of The Cross−Motion due by 11/1/2024. (mac) (Entered: 07/16/2024) |
| 09/06/2024 | 35 | STRICKEN FROM THE RECORD PER MINUTE ORDER ON 1/24/2025..... MOTION for Summary Judgment by SHELLEY FINLAYSON. (Attachments: # 1 Statement of Facts, # 2 Exhibit 1−7)(Robertson, L'Shauntee) (Entered: 09/06/2024) |
| 09/30/2024 | 36 | MOTION for Extension of Time to File Response/Reply by ELAINE ABBOTT. (ABBOTT, ELAINE) (Entered: 09/30/2024) |
| 10/01/2024 | | MINUTE ORDER (paperless) GRANTING plaintiff's 36 Motion for Extension of Time to File Response; and MODIFYING the SCHEDULING ORDER issued on July 15, 2024, as follows: (1) by November 15, 2024, plaintiff shall file any response to defendant's 35 Motion for Summary Judgment; (2) by December 2, 2024, defendant shall file any reply in support of its Motion for Summary Judgment. Signed by Judge Beryl A. Howell on October 1, 2024. (lcbah1) (Entered: 10/01/2024) |
| 11/12/2024 | 37 | Second MOTION for Extension of Time to File Response/Reply by ELAINE ABBOTT. (ABBOTT, ELAINE) (Entered: 11/12/2024) |
| 11/13/2024 | | MINUTE ORDER (paperless) GRANTING plaintiff's 37 Second Motion to Extend Time; and MODIFYING the SCHEDULING ORDER issued on October 1, 2024, as follows: (1) by November 22, 2024, plaintiff shall file any response to defendant's 35 Motion for Summary Judgment; (2) by December 9, 2024, defendant shall file any reply in support of its Motion for Summary Judgment. Signed by Judge Beryl A. Howell on November 13, 2024. (lcbah1) (Entered: 11/13/2024) |
| 11/22/2024 | 38 | RESPONSE re 35 MOTION for Summary Judgment filed by ELAINE ABBOTT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(ABBOTT, ELAINE) (Entered: 11/22/2024) |
| 12/03/2024 | 39 | MEMORANDUM OPINION AND ORDER DENYING plaintiff's 38 Motion to Reopen Discovery; and DIRECTING plaintiff to file her opposition to defendant's 35 Motion for Summary Judgment by December 16, 2024; and DIRECTING defendant to file any reply to plaintiff's opposition by December 27, 2024. See Memorandum |

| | | |
|---|---|---|
| | | Opinion and Order for further details. Signed by Judge Beryl A. Howell on December 3, 2024. (lcbah1) (Entered: 12/03/2024) |
| 12/04/2024 | | Set/Reset Deadlines: Plaintiff Opposition To Defendant's 35 Motion for Summary Judgment Response due by 12/16/2024. Defendant Reply to Plaintiff's Opposition due by 12/27/2024. (mac) (Entered: 12/04/2024) |
| 12/10/2024 | 40 | Third MOTION for Extension of Time to File Response/Reply by ELAINE ABBOTT. (ABBOTT, ELAINE) (Entered: 12/10/2024) |
| 12/12/2024 | | MINUTE ORDER (paperless) GRANTING plaintiff's 40 Third Extension of Time; and DIRECTING plaintiff to file her opposition by December 30, 2024; and FURTHER DIRECTING the defendant to file any reply to plaintiff's opposition by January 10, 2025; and CAUTIONING plaintiff that no other extension to file her opposition will be granted absent extraordinary circumstances. Signed by Judge Beryl A. Howell on December 12, 2024. (lcbah1) (Entered: 12/12/2024) |
| 12/13/2024 | | Set/Reset Deadlines: Plaintiff Opposition due by 12/30/2024. Defendant Reply To Plaintiff's Opposition due by 1/10/2025. (mac) (Entered: 12/13/2024) |
| 12/30/2024 | 41 | STRICKEN FROM THE RECORD PER MINUTE ORDER ON 1/23/2025.....RESPONSE re 35 MOTION for Summary Judgment filed by ELAINE ABBOTT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(ABBOTT, ELAINE) (Entered: 12/30/2024) |
| 01/07/2025 | 42 | Consent MOTION for Extension of Time to File Response/Reply as to 35 MOTION for Summary Judgment by SHELLEY FINLAYSON. (Robertson, L'Shauntee) (Entered: 01/07/2025) |
| 01/08/2025 | | MINUTE ORDER (paperless) GRANTING defendant's 42 Consent Motion for Extension of Time; and DIRECTING defendant to file any reply to plaintiff's 41 Response by January 24, 2025. Signed by Judge Beryl A. Howell on January 8, 2025. (lcbah1) (Entered: 01/08/2025) |
| 01/09/2025 | | Set/Reset Deadlines: Defendant Reply To Plaintiff's 41 Response due by 1/24/2025 (mac) (Entered: 01/09/2025) |
| 01/21/2025 | 43 | MOTION to Amend/Correct 41 Response to motion by ELAINE ABBOTT. (Attachments: # 1 Exhibit Proposed Amendment − PL Opp to Def MSJ, # 2 Exhibit Proposed Amendment − Red Line Changes)(ABBOTT, ELAINE) (Entered: 01/21/2025) |
| 01/21/2025 | 44 | AMENDED RESPONSE re 35 MOTION for Summary Judgment filed by ELAINE ABBOTT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Statement of Facts, # 23 Statement of Facts, # 24 Declaration)(ABBOTT, ELAINE) Modified event title on 1/23/2025 (znmw). (Entered: 01/21/2025) |
| 01/23/2025 | 45 | Second MOTION for Extension of Time to File Response/Reply as to 35 MOTION for Summary Judgment by SHELLEY FINLAYSON. (Robertson, L'Shauntee) (Entered: 01/23/2025) |
| 01/23/2025 | | MINUTE ORDER (paperless) GRANTING plaintiff's 43 Motion to Amend/Correct Response; STRIKING plaintiff's 41 Response to defendant's 35 Motion for Summary |

10

| | | |
|---|---|---|
| | | Judgment; and DIRECTING defendant to reply to plaintiff's 44 Amended Response by February 10, 2025. Signed by Judge Beryl A. Howell on January 23, 2025. (lcbah1) (Entered: 01/23/2025) |
| 01/24/2025 | | Set/Reset Deadlines: Defendant Reply To Plaintiff's 44 Amended Response due by 2/10/2025. (mac) (Entered: 01/24/2025) |
| 02/10/2025 | 46 | REPLY to opposition to motion re 35 Motion for Summary Judgment filed by SHELLEY FINLAYSON. (Attachments: # 1 Exhibit 8, # 2 Exhibit 9, # 3 Exhibit 10, # 4 Exhibit 11, # 5 Exhibit 12, # 6 Exhibit 13, # 7 Exhibit 14)(Robertson, L'Shauntee) (Entered: 02/10/2025) |
| 06/07/2025 | 47 | NOTICE OF SUBSTITUTION OF COUNSEL by Dimitar Georgiev−Remmel on behalf of SHELLEY FINLAYSON Substituting for attorney LShauntee Robertson (Georgiev−Remmel, Dimitar) (Entered: 06/07/2025) |
| 07/21/2025 | 48 | ORDER GRANTING defendant's 35 Motion for Summary Judgment. See Order for further details. The Clerk of the Court is directed to close this case. Signed by Judge Beryl A. Howell on July 21, 2025. (lcbah1) (Entered: 07/21/2025) |
| 07/21/2025 | 49 | MEMORANDUM OPINION regarding defendant's 35 Motion for Summary Judgment. Signed by Judge Beryl A. Howell on July 21, 2025. (lcbah1) (Entered: 07/21/2025) |
| 07/22/2025 | 50 | CLERK'S JUDGMENT in favor of Defendant against Plaintiffon 07/22/25. (mac) (Entered: 07/22/2025) |
| 09/19/2025 | 51 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 49 Memorandum & Opinion, 48 Order on Motion for Summary Judgment, 39 Memorandum & Opinion, Order on Motion to Modify,,, by ELAINE ABBOTT. Filing fee $ 605, receipt number ADCDC−11972229. Fee Status: Fee Paid. Parties have been notified. (ABBOTT, ELAINE) (Entered: 09/19/2025) |
| 09/22/2025 | 52 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 51 Notice of Appeal to DC Circuit Court,. (znmw) (Entered: 09/22/2025) |
| 09/23/2025 | | USCA Case Number 25−5337 for 51 Notice of Appeal to DC Circuit Court, filed by ELAINE ABBOTT. (mg) (Entered: 09/24/2025) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ABBOTT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SHELLEY FINLAYSON, *Acting Director, U.S. Office of Government Ethics*,<br><br>　　　　　　Defendant. | Civil Action No. 22-2717 (BAH)<br><br>Judge Beryl A. Howell |

### MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, filed her complaint in August 2022, *see* Compl., ECF No. 1, and her amended complaint in September 2023, *see* ECF No. 16, alleging violations of Title VII, *id.* ¶¶ 51-74, the Age Discrimination in Employment Act, *id.* ¶¶ 75-79, and the Rehabilitation Act of 1973, *id.* ¶¶ 80-85. After the filing, on March 23, 2023, of defendant's answer to plaintiff's first complaint, *see* Answer, ECF No. 12, discovery proceeded from April 24, 2023, until January 24, 2024, *see* Min. Orders (Nov. 27, 2023, and April 24, 2024). After discovery closed and an unsuccessful mediation, *see* Joint Status Report, ECF No. 34, defendant moved, in September 2024, for summary judgment, *see* Def.'s Mot. Summ. J. ("Def.'s Mot."), ECF No. 35, to which plaintiff's response was originally due on October 4, 2024, but after she was granted two extensions, *see* Min. Orders (Oct. 1 and Nov. 13, 2024) (granting Pl.'s Mots. for Extension of Time, ECF Nos. 36, 37), was due on November 22, 2024. Instead of filing any response directed at the arguments in the pending summary judgment motion, plaintiff filed the instant motion seeking to reopen discovery pursuant to Federal Rule of Civil Procedure 56(d). Pl.'s Mot. to Reopen Discovery ("Pl.'s Mot."), ECF No. 38. For the reasons stated below, plaintiff's motion is denied.

1

I.    BACKGROUND

Plaintiff, a self-described Black, Mixed-Heritage woman over the age of 40 with a gastrointestinal condition, was a career federal employee with the United States Office of Government Ethics until she decided not to return to work in February of 2018.  Amend. Compl. ¶¶ 3, 6, 26, 74, 82.  During her employment, she reported to two White men, and served as a supporting witness for a colleague's Equal Employment Opportunity ("EEO") complaint against one of them.  *Id.* ¶¶ 23-24, 62-63.  Plaintiff alleges that after her participation in the EEO complaint process became known to her employer, she was subject to discrimination, retaliation, and a hostile work environment, including being denied a promotion from the GS-9 to GS-11 and being subjected to "berating" from her supervisor that left her "mentally distraught, crying, and physically sick with stress and fear."  *Id.* ¶¶ 63-66.

In response to defendant's motion for summary judgment on all counts, *see* Def.'s Mot. at 1, plaintiff has sought to reopen discovery, pursuant to Rule 56(d), *see* Pl.'s Mot.

II.   DISCUSSION

The purpose of Rule 56(d) "is . . . to ensure that the non-moving party isn't 'railroaded by a premature motion for summary judgment.'"  *United States ex rel. Folliard v. Gov't Acquisitions, Inc.*, 880 F. Supp. 2d 36, 41 (D.D.C. 2012), *aff'd*, 764 F.3d 19 (D.C. Cir. 2014).  To receive relief under Rule 56(d), a plaintiff must submit an affidavit that satisfies three criteria. *See Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012).  The plaintiff's declaration, first, "must outline the particular facts [the movant] intends to discover and describe why those facts are necessary to the litigation," *id.*; second, "must explain 'why [the movant] could not produce [the facts] in opposition to the motion [for summary judgment],'" *id.* at 99-100 (second and third alterations in original) (quoting *Carpenter v. Fed. Nat'l Mortg. Ass'n*, 174

2

F.3d 231, 237 (D.C. Cir. 1999)); and, finally, "must show the information is in fact discoverable," *id.* at 100.

Nothing about the pending motion for summary judgment is "premature," given the ample time supplied to the parties to complete discovery. Additionally, without opining on whether plaintiff's affidavit satisfies the first prong—though even plaintiff acknowledges that she posed requests "as broadly as possible," including for time periods before and after she left defendant's employ, Pl.'s Mot. at 11, which would be of questionable relevance to the litigation—this affidavit fails to meet the second and third prongs. "The second criterion requires a Rule 56(d) movant to explain why he failed to get the requested discovery earlier." *Thomas v. Moreland*, No. 18-cv-800 (TJK), 2023 WL 11199295, at *7 (D.D.C. Nov. 6, 2023). Plaintiff has not explained why the requested discovery she now seeks could not have been pursued earlier. Indeed, discovery opened in this case nineteen months ago, and plaintiff specifically describes receiving responses to all of her over 100 propounded discovery requests within the discovery period in January 2024. Pl.'s Mot. at 14-15. Furthermore, plaintiff states that she wants to "follow up with Defendant" regarding documents she received nearly five months ago, on June 15, 2024, in response to a request under the Freedom of Information Act ("FOIA). Pl.'s Mot. at 19. While she argues that responses to her discovery and FOIA requests were unsatisfactory, *see* Pl.'s Mot. at 14-19, she fails to justify why she did not seek a modification of the discovery schedule or file a motion to compel in a timely manner. *See, e.g., Thomas*, 2023 WL 11199295, at *7, *7 n.5 (collecting authority and denying Rule 56(d) motion because it was "untimely" and "[b]oth parties had ample opportunity to conduct full discovery").

Even if plaintiff's instant request were not untimely, it cannot "trump[] the [other] requirements outlined in *Convertino*." *U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 880 F.

3

Supp. 2d 36, 41 (D.D.C. 2012), *aff'd*, 764 F.3d 19 (D.C. Cir. 2014).  Specifically, under the third prong of *Convertino*, "'conclusory allegations,' 'mere speculation' of evidence not yet discovered,' or the movant's 'hope that additional discovery will create questions of fact' all fail to satisfy the movant's burden." *Thomas*, 2023 WL 11199295, at *7 (quoting *Morales v. Humphrey*, 309 F.R.D. 44, 48 (D.D.C. 2015)).  Plaintiff's arguments are just that.  First, plaintiff speculates that further discovery will somehow clarify discrepancies she perceives in documents already produced in discovery.  *See* Pl.'s Mot. at 6-9.  What plaintiff perceives as discrepancies, however, may just be arguments that disputes of material fact exist, potentially precluding summary judgment—not that additional discovery will clarify the record.  Second, plaintiff argues that defendant's responses to her discovery requests were insufficient, and that additional discovery will effectively help prove her case.  Pl.'s Mot. at 10-14, 16-18.  That does not mean that the information sought in those requests, as evident from defendant's objections, *see id.* at 16-18, is relevant to her claims.  Third, plaintiff attempts to argue that certain information she sought via her discovery requests "is discoverable" because she received some heavily redacted documents in response to her FOIA request, Pl.'s Mot. at 19-20, but she fails to grapple with the reality that the laws, procedures, and processes governing FOIA are different than those governing discovery in civil litigation, *see generally Baldrige v. Shapiro*, 455 U.S. 345 (1982); DAVID I. LEVINE, USING THE FREEDOM OF INFORMATION ACT AS A DISCOVERY DEVICE, 36 BUS. L. 45 (1980).  Without sufficient details, plaintiff is seeking additional discovery for discovery's sake and has "not demonstrated that the information [she] seek[s] is in fact discoverable." *Serv. Emps. Int'l Union Nat'l Ind. Pension Fund v. Castle Hill Health Care Provs., LLC*, 312 F.R.D. 678, 685 (D.D.C. 2015).

4

Plaintiff will be granted, *sua sponte*, a third extension for the filing of any opposition to defendant's pending motion for summary judgment.

## III.  CONCLUSION AND ORDER

For the reasons stated above, plaintiff has not met her burden under Rule 56(d). Accordingly, it is hereby—

**ORDERED** that plaintiff Elaine Abbott's Motion to Reopen Discovery, ECF No. 38, is **DENIED**; it is further

**ORDERED** that plaintiff is **DIRECTED** to file her opposition to defendant's summary judgment motion by December 16, 2024, and defendant is **DIRECTED** to file any reply to plaintiff's opposition by December 27, 2024.

Date:  December 3, 2024

_____
**BERYL A. HOWELL**
United States District Judge

5